**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aidan Patrick Roos,<br><br>  Petitioner,<br><br>v.<br><br>United States of America,<br><br>  Respondent. | No. CV-24-03534-PHX-MTL<br><br>**ORDER** |

Aidan Patric Roos ("Movant") moves, under 28 U.S.C. § 2255, for an order vacating his sentence. The Motion was referred to Magistrate Judge Deborah M. Fine for a Report and Recommendation, which was issued on May 29, 2025 ("R & R"). (Doc. 13) The R & R recommends that this Court deny the § 2255 Motion without an evidentiary hearing. Movant timely objected.

**I.**

Once a judgment of sentence has been entered, the district court lacks jurisdiction to review it with few exceptions. 18 U.S.C. § 3582(c). Section 2255 provides a movant with a remedy for relief from a final judgment of conviction and commitment to incarceration.

When a movant argues ineffective assistance of trial counsel in violation of the Sixth Amendment, the movant bears the burden of showing that counsel's representation fell below an objective standard of reasonableness and also that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 692

(1984). The Court must apply a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Id.* at 689. In many cases, "the § 2255 motion often will be ruled upon by the same district judge who presided at trial. The judge, having observed the earlier trial, should have an advantageous perspective for determining the effectiveness of counsel's conduct and whether any deficiencies were prejudicial." *Massaro v. United States*, 538 U.S. 500, 506 (2003).

A party may file specific written objections to the R & R's proposed findings and recommendations. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a de novo review of those portions of the R & R to which specific objections are made. *See id.*; *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

## II.

Pursuant to a plea agreement, Movant pleaded guilty to the charge of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). The plea agreement includes a waiver of Movant's right to appeal except for certain narrow issues, including ineffective assistance of counsel.

Prior to sentencing, the parties filed sentencing memoranda, and the United States Probation Office issued a presentence investigation report ("PSR"). Following the United States Sentencing Guidelines, the PSR calculated Movant's total offense level as 23 and determined that he qualifies for criminal history category III. The advisory guideline range was 57-71 months in custody. The PSR recommended a 71-month custodial sentence. Movant's sentencing memoranda argued for a 57-month sentence. The United States argued for a 64-month sentence

At the sentencing hearing, the Court—importantly, this district judge—accepted the plea agreement and heard argument of counsel concerning the appropriate sentence. The Court considered all of the § 3553(a) sentencing factors, including the nature and

circumstances of the offense, the need to promote respect for the law and provide just punishment, the importance of deterring this individual and others from committing future crimes, and protecting the public.

The Court also considered Movant's history and characteristics. This included mitigation evidence presented by Movant's trial counsel and described in the PSR. The Court considered Movant's substance abuse addiction, his stable family environment and strong family support, good character, and his educational success. As for the last point, the Court considered Movant obtaining a GED and, later, a degree from community college. The Court also considered sentences that it—again, this district judge—imposed on similarly situated defendants to avoid unwarranted sentencing disparities. The Court listened to and considered comments made by Movant's mother and sister in favor of mitigation. Based on these mitigating circumstances, the Court sua sponte imposed a downward variance under § 3553(a) and sentenced Movant to 48 months in custody, with credit for time served, followed by a term of supervised release. This represents a nine-month downward variance from the low end of the guideline range. A judgment of conviction was entered soon after. (Doc. 48)

### III.

Movant, in his § 2255 Motion, argues that his trial counsel was ineffective in violation of his Sixth Amendment right to counsel. That is, he failed to engage in a thorough investigation of his mental health history and substance abuse disorders and present this as additional mitigation at the sentencing hearing. The R & R concludes that trial counsel was not ineffective, and his performance was not prejudicial.

The R &R  thoroughly analyzes the information presented to the Court in the PSR, the sentencing memoranda, statements of family members, and trial counsel's arguments. The R & R credits the Court for imposing a variance well below the guideline range, based on the mitigation presented. The Court has considered all of Movant's objections to the R & R and finds that they all lack merit. The R & R will be adopted in full.

At the outset, trial counsel's failure to request a variance was not prejudicial because

this Court imposed one even so.

From this Court's "advantageous perspective" as the sentencing judge, the mitigation proffered in the Motion and relitigated in the Objections would not result in a different sentence. Determining a sentence requires more than just considering mitigation, it involves an assessment of the nature and circumstances of the offense, the danger a defendant poses to the community, and the need for deterrence. 18 U.S.C. § 3553(a). The Court found that the offense was highly serious because Movant, a felon, unlawfully possessed two loaded firearms. Gun violence by felons in possession can result in the needless and tragic loss of innocent human life and thus requires the justice system to take measures protecting the public. Movant's criminal history, at category III, represents someone who lacks respect for the law and needs strong and effective deterrence.

Movant's attempt to distinguish the impact of undeveloped mental health mitigation from the presented substance abuse mitigation splits hairs. There is no credible suggestion that this Court would vary further based on Movant's mental health history. And the Court finds that any added mitigation would be cumulative and without effect on the final sentence. *See Strickland*, 466 U.S. at 699–700 ("The evidence that respondent says his trial counsel should have offered at the sentencing hearing would barely have altered the sentencing profile presented to the sentencing judge.").

Movant challenges the R & R's conclusion that he suffered no prejudice because this Court ultimately gave him a significant 9-month variance. He relies heavily on an out-of-circuit case, *United States v. Sepling*, 944 F.3d 138, 153 (3rd Cir. 2019), for the proposition that "[a] significant variance from an arguably high and inaccurate sentence is not a gift . . . [and] does not negate the fact that [a defendant] may have received an even greater variance if [sentencing counsel] was effective." *Id.* at 152-53.[*] But this language is largely dicta. In *Stepling*, the Third Circuit found sentencing counsel's performance was defective because he had almost no understanding as to how or why the presentence

---

[*] Movant's reliance on two in-circuit cases, *Earp v. Ornoski*, 431 F.3d 1158 (9th Cir. 2005), and *Stankewitz v. Woodford*, 365 F.3d 706 (9th Cir. 2004), is misplaced. In both cases, the court evaluated deficient performance of counsel during the penalty phase of capital trials.

- 4 -

investigation report used methylenedioxymethamphetamine ("MDMA") as the analog for the subject illegal substance, methylone, in the calculation of the defendant's base offense level. *Id.* at 145. The base offense level, of course, is the critical starting point for the total offense level calculation, which, along with the defendant's criminal history category, drives the ultimate advisory guideline range. The court observed, "Sentencing Counsel's failure to develop even a rudimentary understanding of methylone and how it compares to MDMA precluded him from assessing whether MDMA was an appropriate analogue, making a compelling, fact-based argument about the seriousness of methylone, or arguing in favor of a smaller ratio than 500:1 as a starting point for crafting an appropriate sentence." *Id.* at 145. This deficient performance prejudiced the defendant because it resulted in an inaccurate guideline calculation and sentencing range. The sentencing judge "was literally 'flying blind' at sentencing" because "there was no way for [the] district court to know if the sentence imposed was the least serious penalty consistent with the Court's objective in imposing the sentence." *Id.* at 153.

There is no such deficient performance or prejudice here. All of the parties agreed that the total offense level was accurately calculated, along with the final advisory guideline range.

Having considered all the facts in this case, this Court would impose the same sentence of 48 months in custody even if Movant's counsel produced volumes of mitigation in the form now suggested. Nothing in the Motion or the Objections suggest otherwise.

**IV.**

The effect of this ruling will be the entry of "a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2255 Cases. The Court agrees with the R & R's conclusion that Movant has not shown a substantial showing of the denial of a constitutional right, and that reasonable jurists would not debate that Movant's § 2255 Motion lacks merit. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A certificate of appealability will be denied.

. . . .

**V.**

Accordingly,

**IT IS ORDERED** that the R & R (Doc. 13) is accepted in full. The § 2255 Motion (Docs. 1, 3) is **denied** without an evidentiary hearing.

**IT IS FUTHER ORDERED** that the Clerk of Court must terminate the Motion to Vacate Under 28 U.S.C. 2255 (Doc. 61) filed in Petitioner's criminal case, 2:23-CR-00508.

**IT IS FUTHER ORDERED** that a certificate of appealability is denied. Movant has not made a substantial showing of the denial of a constitutional right, jurists of reason would not debate such, and the issues presented are not adequate to deserve encouragement to proceed further.

**IT IS FINALLY ORDERED** that the Clerk of Court must enter a judgment of dismissal and close this case.

Dated this 12th day of January, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge